UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:19-CV-62751-RKA

DAVID GREENWALD,

        **Plaintiff**

v.

FROST-ARNETT COMPANY, and
CORAL ANESTHESIA ASSOCIATES,
INC.,

        **Defendants.**
_____/

### DEFENDANT FROST-ARNETT COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Frost-Arnett Company respectfully answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant denies the allegations in this paragraph.

2. Defendant denies the allegations in this paragraph.

3. Defendant denies the allegations in this paragraph.

### PARTIES

4. Admitted upon information and belief.

5. Admitted.

6. Admitted in part, denied in part. Defendant admits that at times, it uses the telephone and mail in its business. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and as such they are denied.

7. Admitted in part, denied in part. Defendant admits that at times it acts a debt collector. After reasonable investigation, Defendant lacks sufficient knowledge and information

1

to form a belief as to whether it was acting a debt collector with respect to Plaintiff's account, and as such the remaining allegations are denied.

8. Admitted upon information and belief.

9. Admitted in part, denied in part. Defendant admits it was attempting to recover money owed to defendant Coral Anesthesia Associates, Inc. Defendant denies all remaining allegations in this paragraph.

## DEMAND FOR JURY TRIAL

10. Admitted in part, denied in part. Defendant admits that Plaintiff demand a trial by jury. Defendant denies the existence of triable issues of fact.

## FACTUAL ALLEGATIONS

11. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

12. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

13. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

14. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

15. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

16. Admitted in part, denied in part. Defendant admits that it began attempting to collect an account owed by Plaintiff. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether Plaintiff's delinquent obligation is a consumer debt, as such the remaining allegations are denied.

17. Admitted in part, denied in part. Defendant admits that at times it solicits consumer debts for collection. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether all debts it solicits are "consumer debts", as such the remaining allegations are denied.

18. Admitted in part, denied in part. Defendant admits that at times it collects consumer debts. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether all debts it collects are "consumer debts," and as such the remaining allegations are denied.

19. Admitted in part, denied in part. Defendant admits the accounts it collects are owed or due, or alleged to be owed or due, to other parties. Defendant admits that at times, those accounts are "debts." After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether all such accounts are "debts," and thus denies all remaining allegations in this paragraph.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted in part, denied in part. Defendant admits that it sent Plaintiff a letter dated November 13, 2018, and that a copy of the letter is attached to Plaintiff's Complaint as Exhibit A. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and as such they are denied.

25. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

26. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
(*against Defendant-DC*)

27. Paragraphs 1 through 26 of this Answer are hereby incorporated by reference as though more fully set forth herein.

28. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

29. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted d statutory language. All remaining allegations are denied.

30. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

31. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

32. Admitted in part, denied in part. Defendant admits it mailed Plaintiff a letter. All remaining allegations are denied.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

35. WHEREFORE, Defendant Frost-Arnett Company respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)
(*against Defendant-DC*)

36. Paragraphs 1 through 35 of this Answer are hereby incorporated by reference as though more fully set forth herein.

37. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

38. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

39. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

40. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

41. Defendant denies the allegations in this paragraph.

42. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

43. WHEREFORE, Defendant Frost-Arnett Company respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

### *COUNT III.*
### <u>VIOLATION OF FLA. STAT. § 559.72(5)</u>
(against Defendant-Creditor)

44. Paragraphs 1 through 43 of this Answer are hereby incorporated by reference as though more fully set forth herein.

45. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

46. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

47. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

48. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language. All remaining allegations are denied.

49. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

50. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

51. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

52. WHEREFORE, Defendant Frost-Arnett Company respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Defendant violated the FDCPA and/or the FCCPA (which it denies), such violation was a bona fide error and occurred notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant Frost-Arnett Company respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By: */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
ERIKA M. SMITH, ESQUIRE
FL BAR No. 0127438
12276 San Jose Blvd
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
esmith@messerstrickler.com
*Counsel for Defendant Frost-Arnett Company*

Dated: December 3, 2019

8

## **CERTIFICATE OF SERVICE**

I certify that on December 3, 2019, a true copy of the foregoing document was served as follows:

*Via CM/ECF*
Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Ft. Lauderdale, Florida 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
(954) 907-1136
(855) 529-9540 (fax)
*Counsel for Plaintiff*

*Via CM/ECF*
Joel A. Brown, Esq.
Friedman & Brown, LLC
3323 NW 55th Street
Ft. Lauderdale, Florida 33309
Joel.brown@friedmanandbrown.com
(954) 966-0111
*Counsel for Plaintiff*

*Via CM/ECF*
Paul A. Herman, Esq.
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
paul@consumeradvocatelaw.com
(561) 236-8851
(561) 431-2352 (fax)
*Counsel for Plaintiff*

**MESSER STRICKLER, LTD.**

By:    */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
ERIKA M. SMITH, ESQUIRE
FL BAR No. 0127438
12276 San Jose Blvd
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
esmith@messerstrickler.com
*Counsel for Defendant Frost-Arnett Company*

Dated: December 3, 2019

10