UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62751

DAVID GREENWALD,

     Plaintiff,

v.

FROST-ARNETT COMPANY, and
CORAL ANESTHESIA ASSOCIATES, INC.,

     Defendants.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION
FOR AWARD OF ATTORNEYS' FEES**

     Plaintiff DAVID GREENWALD ("Plaintiff"), pursuant to Fed. R. Civ. P. 54(d) and S.D.
Fla. L.R. 7.3, submits this Memorandum of Law in Support of Plaintiff's Verified Motion for
Award of Attorneys' Fees.

## I.     <u>INTRODUCTION</u>

     1.     On November 5, 2019, Plaintiff commenced the above-captioned action against
Defendant Frost-Arnett Company and Defendant Coral Anesthesia Associates, Inc. (collectively,
the "Defendants") for violations of the Fair Debt Collection Practices Act (the "FDCPA") and
Florida Consumer Collection Practices Act (the "FCCPA"). On January 2, 2020, Defendant Coral
Anesthesia Associates, Inc., was dismissed from the above-captioned action [D.E. 19], and
Plaintiff accepted Defendant Frost-Arnett Company's Offer of Judgment [D.E. 20]. As part of the
Offer of Judgment, Plaintiff received the maximum amount of statutory damages recoverable from
Defendant Frost-Arnett Company, as well as reasonable attorneys' fees and costs.

2.      Accordingly, Plaintiff as the prevailing party in this Action, now seeks a judgment for attorneys' fees under Rule 54(d) of the Federal Rules of Civil Procedure.

3.      Plaintiff is represented by Thomas J. Patti, Esq., and Paul A. Herman, Esq., (collectively, "Counsel"). Prior to filing the Motion which this Memorandum supports, Counsel expended a total 12.9 hours (7.8 by Attorney Patti and 5.1 hours by Attorney Herman) on behalf of Plaintiff. *See* Exhibit B (*Declaration of Thomas J. Patti*); Exhibit C (*Declaration of Paul A. Herman*); and Exhibit D (*the Joint Timecard*).

4.      The hourly rate for the services provided by Attorney Patti is $475.00 per hour. Exhibit B. The hourly rate for the services provided by Attorney Herman is $575.00 per hour. Exhibit C. Accordingly, the reasonable attorneys' fees for the services of Counsel in this Action is $6,637.5. Exhibit D.

## II.      ARGUMENT

### A.      *PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION AND IS ENTITLED TO REASONABLE ATTORNEYS' FEE*

5.      The FDCPA provides for the payment of reasonable attorneys' fees and costs to successful consumer. *See* 15 U.S.C. § 1692k(3). This also is true for a successful action to enforce liability under the FCCPA. *See* Fla. Stat. § 559.77(2).

6.      Pursuant to 15 U.S.C. § 1692k(3), in the case of a successful action to enforce liability under the FDCPA, a plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." Pursuant to Fla. Stat. § 559.77, "[a]ny person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2).

7.       In this case, Defendant Frost-Arnett Company ("Defendant Frost") made an Offer of Judgment [D.E. 20] to Plaintiff to resolve *Count I* and *Count II* of the Complaint. <u>D.E. 1</u> at ¶ 27-43). Both *Count I* and *Count II* sought to hold Defendant Frost liable for its unlawful attempt to collect a medical debt from Plaintiff, whereby said medical debt was not Plaintiff's responsibility because the underlying medical services were necessitated by the work-place injury sustained by Plaintiff on February 26, 2018. Pursuant to *Count I*, violated § 1692e and § 1692e(2)(A) of the FDCPA, and pursuant to *Count II*, Defendant Frost violated § 559.72(9) of the FCCPA. Here, the maximum amount of statutory damages Plaintiff was capable of recovering was $1,000 under *Count I* and $1,000 under *Count II*. The Offer of Judgment accepted by Plaintiff awarded Plaintiff the maximum amount of statutory damages recoverable by Plaintiff under both *Count I* and *Count II*.

8.       The Second Circuit stated, "the award of attorney's fees to Plaintiff for a debt collector's violation of 'any provision' of the FDCPA is mandatory." <u>Pipiles v. Credit Bureau of Lockport, Inc.</u>, 886 F. 2d 22, 28 (2d Cir. 1989), *citing* <u>Emanuel v. American Credit Exchange</u>, 870 F. 2d 805, 809 (2d Cir. 1989). "Under the Fair Debt Collection Practices Act ('FDCPA'), the prevailing Plaintiff is entitled to 'a reasonable attorney's fee as determined by the court.' 1 5 U.S.C. §1692k(a)(3). Such an award is mandatory under the FDCPA." <u>Edwards v. National Business Factors, Inc.</u>, 897 F. Supp. 458, 459 (D. Nev. 1995) (citations omitted). As the prevailing parties in this case, Plaintiff is entitled to an award of costs and reasonable attorney fees. <u>Thorpe v. Collection Information Bureau, Inc.</u>, 963 F. Supp. 1172, 1174 (S.D. Fla. 1996).

9.       Attorneys' fees should not be construed as a special or discretionary remedy. Rather, the Act mandates an award of attorney fees as a means of fulfilling Congress's intent that the Act be a tool for debtors to act as private attorneys general. *See* <u>Graziano v. Harrison</u>, 950 F.

2d 107, 113 (3d Cir. 1991). <u>In re Martinez</u>, 266 B.R. 523, 537 (Bankr. S.D. Fla. 2001) aff'd 271

B.R. 696 (S.D. Fla. 2001). *See also*, <u>DeJesus v. Banco Popular de Puerto Rico</u>, 918 F. 2d 232, 235

(1st Cir. 1990).

B.      ***PLAINTIFF'S ATTORNEYS' FEES ARE CALCULATED PURSUANT TO THE LODESTAR FORMULA***

10.      The United States Supreme Court has explained the calculation for an award of

attorneys' fees:

> The most useful starting point for determining the amount of a
> reasonable fee is the number of hours reasonably expended on the
> litigation multiplied by a reasonable hourly rate. The calculation
> provides an objective basis on which to make an initial estimate of
> the value of a lawyer's services.

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); *See also* <u>Thorpe</u>, 963 F. Supp. at 1174. Although

this decision arose in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988,

these criteria are equally applicable here. "The standards set forth in this opinion are generally

applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"

<u>Hensley</u>, 461 U.S. at 433, n.7. "We have stated in the past that fee-shifting statutes' similar

language is a strong indication that they are to be interrupted alike." <u>Independent Federation of</u>

<u>Flight Attendants v. Zipes</u>, 491 U.S. 754, 758 fn. 2 (1989) (*quoting* <u>Northcross v. Memphis Bd. of</u>

<u>Education</u>, 412 U.S. 427, 428 (1973)). The multiplication of the reasonable number of hours

expended times the reasonable hourly rate is referred to as the "lodestar." <u>Resolution Trust Corp.</u>

<u>v Hallmark Builders, Inc.</u>, 836 F.2d 114, 1147 (11th Cir. 1993); <u>Friend v. Kolodzieczak</u>, 72 F. 3d

1386, 1389 (9th Cir. 1995); <u>Thorpe</u>, 963 F. Supp. at 1174.

11.      Collectively, the time of Attorney Patti and Attorney Herman totaled 12.9 hours.

The customary hourly rate for Attorney Patti and Attorney Herman is $475.00 per hour and

$575.00 per hour, respectfully. Consequently, the lodestar calculation for the services of Attorney

Patti and Attorney Herman, in this matter, as well as the total lodestar calculation for reasonable attorneys' fees, is $6,637.50.

C.   ***THE HOURLY RATE OF COUNSEL FOR PLAINTIFF IS APPROPRIATE***

12.   The amount of damages recovered by a plaintiff does not affect counsel's entitlement to reasonable attorney's fees. As long as the plaintiff is successful, the plaintiff should be awarded attorney's fees pursuant to the loadstar calculation.

13.   The Seventh Circuit reversed a District Court's denial of attorney's fees even though the plaintiff only recovered $100.00 ($50.00 each) as FDCPA statutory damages and remanded for determination of an award of attorney fees. Zagorski v. Midwest Billing Services, Inc., 128 F. 3d 1164 (7th Cir. 1997). Of course, the amount of reasonable attorneys' fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. Schimmel v. Slaughter, 975 F. Supp. 1481, 1484 (M.D. Ga. 1997).

14.   With respect to the matter at hand, however, Plaintiff has recovered the maximum amount of statutory damages permissible under the FDCPA *and* the FCCPA. *See* D.E. 20.

### III.   <u>CONCLUSION</u>

15.   For the foregoing reasons, Plaintiff respectfully request this Honorable Court to approve as fair, reasonable, and adequate, this request for attorneys' fees in the amount of $6,637.50.