UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:19-cv-62751-RKA

DAVID GREENWALD,

      Plaintiff

v.

FROST-ARNETT COMPANY, and
CORAL ANESTHESIA ASSOCIATES,
INC.,

      Defendants.

### DEFENDANT FROST-ARNETT COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S VERIFIED MOTION FOR AWARD OF ATTORNEY'S FEES WITH INCORPORATED MEMORANDUM OF LAW

Defendant Frost-Arnett Company ("FAC") respectfully submits this Opposition to Plaintiff's Verified Motion for Award of Attorney's Fees (D.E. 24).

**I.      INTRODUCTION**

Plaintiff's Verified Motion for Award of Attorney's Fees should be denied for three reasons. ***First***, it fails to comply with several requirements of Local Rule 7.3. Local Rule 7.3(a)(1) required Plaintiff to file his motion within sixty (60) days of entry of the order giving rise to Plaintiff's alleged entitlement to fees. Here, Plaintiff filed his motion more than 300 days late. Local Rule 7.3(b) required Plaintiff to serve FAC with a draft of his motion at least thirty (30) days prior filing, which Plaintiff did not do here. And finally, Local Rule 7.3(a)(8) requires Plaintiff to certify that he made a good faith effort to resolve the issues raised in his Motion, but his Motion contains no such certification. On its face, Plaintiff's Motion exhibits clear disregard for this Court's Local Rules, and the Court should deny Plaintiff's Motion on this basis alone.

1

***Second***, even if the Court evaluates Plaintiff's Motion on its substance, Plaintiff seeks to recover fees billed at an excessive rate. Considering the prevailing market rates for similar cases involving lawyers of similar experience and expertise, the hourly rates requested for Thomas J. Patti, Esq. ($475.00 per hour) and Paul A. Herman, Esq. ($575.00 per hour) are far from reasonable and well beyond the appropriate range for a case of this simplicity and short lifespan. For these reasons, the Court should deny Plaintiff's Motion or, alternatively, substantially reduce the hourly rates Plaintiff seeks to recover.

***Third***, Plaintiff seeks an excessive amount of attorney's fees. Plaintiff requests compensation for 12.9 hours of time for filing a straightforward, form complaint alleging simple claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). This case resolved within sixty (60) days of filing, with no motions practice or discovery. Additionally, Plaintiff improperly requests that the Court award him fees *from FAC* for time spent litigating against defendant Coral Anesthesia Associates, Inc. But time spent litigating claims against other defendants cannot be billed to FAC.

For these reasons, the Court should deny Plaintiff's Motion in its entirety or, alternatively, should award Plaintiff only his *reasonable* attorney's fees and costs—a sum that falls far below those sought in Plaintiff's Motion.

## II.   STANDARD OF REVIEW

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation time a reasonable hourly rate." *Hollis v. Roberts*, 984 F.2d. 1159, 1161 (11th Cir. 1993) (internal citations omitted). The court must begin by determining a ***reasonable*** hourly rate which is defined as "the prevailing market rate in the

relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (internal citations omitted). The court must "next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's counsel." *Sclafani v. I.C. System, Inc.* 2010 U.S. Dist. LEXIS 35181, *4 (S.D. Fla. 2010). "After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained…If the result was partial or limited success, then the loadstar must be reduced to an amount that is not excessive." *Norman*, 836 F.2d 1292 at 1302.

### III.   ARGUMENT

    A.   *Plaintiff failed to comply with Local Rule 7.3 and, as such, his Verified Motion for Award of Attorney's Fees should be denied.*

Local Rule 7.3 "provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement." Local Rule 7.3(a). Accordingly, "[a] motion for an award of attorney's fees…arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion…has been completed." *Id.* To comply with the good faith requirements of Local Rule 7.3, "a draft motion…must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorney's fees…governed by this Local Rule." Local Rule 7.3(b). Thereafter, "[w]ithin twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees…" *Id.* The motion must then "certify that a good faith effort to resolve issues by agreement occurred…describing what was and was not resolved by agreement and addressing separately the issue of entitlement to fees and amount." Local Rule 7.3(a)(8).

3

"A party's failure to comply with Local Rule 7.3 is adequate grounds for a denial of attorney's fees." *Majestic Mirrors & Frame, LLC v. Elc. Mirror, LLC*, 2017 U.S. Dist. LEXIS 223984, *14 (S.D. Fla. 2017) *citing J.B. Hunt Transp., Inc. v. S&D Transp., Inc.,* 589 F.App'x 930, 934 (11th Cir. 2014) (holding that the district court's denial of a motion for attorney's fees for failure to comply with Local Rule 7.3 was not an abuse of discretion).  A failure to serve a draft motion for attorney's fees within thirty days after entry of judgment and failure to confer are alone sufficient reason to deny a motion for attorney's fees. *Norych v. Admiral Ins. Co.,* 2010 U.S. Dist. LEXIS 69793, *4 - *6 (S.D. Fla. 2010).

Here, Plaintiff's Motion violates three facets of Local Rule 7.3(a). Plaintiff never served FAC with a draft Motion. Plaintiff filed his Motion 347 days after he accepted of FAC's Offer of Judgment and 343 days after the Court entered an Order closing the case and directing the parties to file a stipulation of dismissal within thirty (30) days in light of Plaintiff's acceptance of FAC's Offer of Judgment, well beyond the sixty (60) day requirement of Local Rule 7.3(a). D.E. 22. Finally, Plaintiff's Motion contains no certification that a good faith effort to resolve issues by agreement occurred as required by Local Rule 7.3(a)(8)—because, but for a single demand made by email nearly a year ago, no such efforts occurred.  As such, Plaintiff's motion for attorney's fees should be denied based solely on his failure to comply with Local Rule 7.3.

      B.     *To the extent the Court entertains Plaintiff's Motion on the merits, the Court should substantially reduce counsel's hourly rates.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  "[T]he burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

4

reputation." *Blum v. Stetson*, 465 U.S. 886, 896, n. 11 (1984). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299. In the absence of satisfactory evidence, the court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses to value." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

This Court routinely reduces unreasonably excessive rates in consumer protection cases. In *Richburg v. Carmel at the Cal. Club Prop. Owners Ass'n*, counsel sought fees for time expended by two lawyers—one with 36 years of experience at $375.00 per hour, and another with 10 years of experience at $325.00 per hour for claims brought under the FDCPA and the FCCPA. 2019 U.S. Dist. LEXIS 74423, *2—4 (S.D. Fla. 2019). Within six months of filing, the case settled and the parties filed a stipulation of dismissal leaving open the question of reasonable attorney's fees and costs to be awarded to plaintiff as the prevailing party. *Id.* The court found a "'blended' rate of $250 per hour…[was] more appropriate for the work performed in this case." *Id.* at *5.

In *Font v. Nco Fin. Sys*, the court found that $300.00 per hour was reasonable for an attorney with "over ten years of experience exclusively devoted to consumer protection litigation." 2012 U.S. Dist. LEXIS 201536, *13—14 (S.D. Fla. 2012). There, plaintiff filed an action alleging violations of the FDCPA, TCPA, and FCCPA. *Id.* at *1—*2. Approximately two months after defendant filed its answer and affirmative defenses to plaintiff's complaint, plaintiff accepted defendant's offer of judgment that gave rise to plaintiff's petition for attorney's fees and costs. *Id.* at *1—3. In his petition, plaintiff sought $4,590.00 in fees for 19 hours of work performed by three attorneys, two paralegals, three law clerks, and four legal assistants. The *Font* court reduced the award of fees to $2,695.00 by reducing both the hourly rate requested and the number of reasonable hours expended. *Id.* at *33.

In *Silver v. Tenent Healthcare Corp.*, the court found $375.00 to be a reasonable hourly rate for an attorney with over thirty years of experience and $300.00 per hour for an attorney with seven years of experience in an FDCPA class action settlement. 2014 U.S. Dist. LEXIS 193518, *10 - *12 (S.D. Fla. 2014).  In *Silver,* plaintiffs alleged claims, individually and on behalf of a putative class, under the FDCPA, the FCCPA, and Florida's Deceptive and Unfair Trade Practices Act, concerning allegations of excess billing in connection with healthcare services. *Id.* at *3 - *4. After "extensive" discovery, plaintiffs moved for certification of the class and defendants moved for summary judgment. *Id.* at *4.  Thereafter, the case was stayed while the parties engaged in pretrial mediation and post-mediation negotiations which resulted in a settlement agreement and release. *Id.*  The settlement agreement and release gave rise to plaintiffs' claim for attorney's fees. *Id.*  Again, the *Silver* court reduced the requested fee award in terms of both hourly rate and reasonable number of hours expended. *Id.* at *32.

Here, Plaintiff seeks $475.00 per hour for Thomas J. Patti and $575.00 per hour for Paul A. Herman.  Both rates are profoundly unreasonable and far out of line with prevailing rates for similar cases prosecuted by similarly situated counsel in the Southern District of Florida. Mr. Patti has only been practicing law for five (5) years, after being admitted to the Bar in September of 2015.  D.E. 24-2, ¶ 3.  Although Mr. Patti claims he has "operated as the lead counsel in over 500 of individual consumer protection cases in the Southern District of Florida," this is false in a host of respects—according to PACER, Mr. Patti has been counsel of record in 408 cases, not "over 500," in the Southern District of Florida. Moreover, an examination of those case—even choosing them at random—reveals that Mr. Patti was always counsel of record along with at least one other attorney from his firm, and sometimes with other law firms as well. The JointTime Card makes clear that Mr. Patti served in an associate role, as his work product, including the Complaint, was

6

routinely reviewed by more experienced members of his firm. D.E. 24-4. Mr. Patti has appeared on numerous dockets, but his Declaration lacks any evidence of trial experience or other highly skilled or specialized experience, training or practice sufficient to allow the Court to award him $475.00 per hour—an amount in excess of prevailing partner rates in this District.

While Mr. Herman has been practicing law since 1984, Mr. Herman spent "21 years working in the area of Florida's Workers' Compensation and the federal Longshore and Harbor Workers' Compensation Act (HWCA), primarily defending Employers & Insurance Carriers." D.E. 24-3, ¶ 3. In 2005, he "became a fulltime mediator specializing in Florida Comp cases and those within the LHWCA and Defense Base Act (DBA) cases as part of that federal statute. *Id.* at ¶ 4. It was not until 2006 that Mr. Herman began to represent consumers in consumer rights litigation "outside of a still active mediation practice." *Id.* Mr. Herman indeed has specialized training and experience—but not in consumer protection law. In fact, based on the Joint TimeCard, it appears that Mr. Herman was largely a referral source in this case—Mr. Greenwald's FDCPA and FCCPA claims turned on Frost-Arnett's alleged efforts to collect a debt arising from a workplace injury covered by worker's compensation. Again, the Motion lacks any indication that Mr. Herman's skill set and experience warrant such a profound deviation from the realm of "reasonable" hourly rates, particularly for such a short-lived and simple statutory claim.

Clearly, the hourly rates requested by Plaintiff substantially exceed the reasonable rates in the Southern District of Florida for attorneys with far more experience in consumer litigation. *See Norman,* 836 F.2d 1292, 1299 ("[Plaintiff] bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to

rates actually billed and paid in similar lawsuits.") (internal citations omitted).  As in *Richburg,* considering the simplicity of this case, its short duration, and the absence of any motions practice or discovery (among other factors), to the extent the Court is inclined to award Plaintiff *anything* in light of his failure to follow local procedure, a blended rate of $250.00 per hour is far more appropriate than the rates Plaintiff seeks.

        C.       *To the extent the Court entertains Plaintiff's Motion on the merits, the Court should substantially reduce the number of hours for which Plaintiff seeks to recover fees.*

"The second step [in the lodestar calculation] requires a determination as to the number of reasonable hours expended by counsel." *Duckwork v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996).  "While exercising proper 'billing judgment,' the party should have excluded those hours that would be unreasonable to bill a client or opposing counsel without reference to skill, reputation or experience." *Id.; see also Conner v. BCC Fin. Mgmt. Servcs, Inc.* 597 F.Supp.2d 1299, 1310 (S.D. Fla. 2008) ("[T]he moving party must show billing judgment and exclude unnecessary hours irrespective of the skill, reputation or experience of counsel.").  "If fee applicants do not exercise billing judgment…the courts must exercise billing judgment for them." *Gill v. Graham, Noble, & Assocs. LLC*, 2008 U.S. Dist. LEXIS 99001, *6 (S.D. Fla. 2008).  "The court [should] therefore deduct unnecessary or redundant hours and time spent upon 'discrete and unsuccessful claims' from the calculations." *Duckworth*,97 F.3d at 1397 (deducting time spent litigating unsuccessful motion for summary judgment and unsuccessful aspect of damages claim).  "Compiling raw totals of hours spent…does not complete the inquiry.  It does not follow that the amount of time actually expended is the amount of time reasonably expended." *Copeland v. Marshall*, 641 F.2d 880, 890 (D.C. Cir. 1980).  "[E]xcessive, redundant, or otherwise unnecessary" time should be excluded. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).

8

The Joint TimeCard attached to Plaintiff's Motion as Exhibit D is a clear example of lawyers failing to exercise their billing judgment. First, the bills include the following time entries spent prosecuting claims against another defendant:

| ATTY | DATE | DESCRIPTION | TIME | AMOUNT |
|---|---|---|---|---|
| TP | 12/4/19 | SETTLEMENT DISCUSSIONS WITH CO-DEFENDANT CORAL ANESTHESIA ASSOCIATES, INC. | 0.1 | $47.50 |
| TP | 12/4/19 | DRAFTING OF NOTICE OF SETTLEMENT W/ CO-DEFENDANT CORAL ANESTHESIA ASSOCIATES, INC. | 0.1 | $47.50 |
| TP | 1/2/20 | DRAFTING DISMISSAL OF DEFENDANT CORAL ANESTHESIA ASSOCIATES | 0.1 | $47.50 |
| PH | 11/15/19 | NUMEROUS EMAILS WITH DESERAE GORDON, ON BEHALF OF CORAL ANESTHESIA ASSOCIATES, ORIGINAL CREDITOR FOR STATUS OF CASE AND POSSIBLE SETTLEMENT GLOBALLY INCLUDING FROST ARNETT. | 0.2 | $115.00 |
| PH | 11/16/19 | EMAILS WITH DESERAE GORDON ON DISCUSSION OF SETTLEMENT OPTIONS AND STATUS OF CASE | 0.3 | $172.50 |
| PH | 11/18/19 | NUMEROUS EMAILS AND CONVERSATIONS WITH DESERAE GORDON AND SKIP KOHLMEYER ON STATUS OF FILING SUIT AGAINST FROST ARNETTE AND POSSIBLE SETTLEMENT AND RESOLUTION | 0.4 | $230.00 |
| PH | 11/20/19 | FOLLOW UP COMMUNICATION AND DISCUSSION WITH MICHELLE ROCHE AT TRAVERLERS ON OBTAINING ADDITIONAL DOCUMENTATION FOR DATES OF SERVICE. COMMUNICATION WITH DESERAE GORDON ON DISCUSSION OF SETTLEMENT OFFER | 0.3 | $172.50 |
| PH | 11/29/19 | CONTINUED SETTLEMENT DISCUSSIONS WITH DESERAE | 0.2 | $115.00 |

| | | | | |
|---|---|---|---|---|
| | | GORDON AND INFORMATION TO CLIENT REGARDING SAME | | |
| PH | 12/2/19 | NUMEROUS EMAILS WITH CO-COUNSEL AND DESERAE GORDON ON STATUS OF FILED SUIT AND SETTLEMENT OPTION INCLUDING FROST ARNETT | 0.4 | $230.00 |
| PH | 12/9/19 | FOLLOW UP WITH DESERAE GORDON ON RESOLUTION OF CASE AND PROPOSAL FOR SETTLEMENT WITH ORIGINAL CREDITOR INDEPENDENT OF FROST ARNETT | 0.2 | $115.00 |
| PH | 12//9/19 | EMAILS AND FOLLOW UP REVIEW OF SETTLEMENT DOCUMETNS WITH ORIGINAL CREDITOR AND IMPACT ON FROST ARNETT LEAVING THEM OUT AS A PARTY TO SETTLEMENT | 0.3 | $172.50 |

Plaintiff asks the Court to award him 2.6 hours of time, totaling $1,465.00, for time spent litigating against a different party. Time spent litigating claims against other defendants cannot be billed to FAC. *See Timothy Gadson v. Unifin, Inc., et al.*, Case No. 9:19-cv-80336, D.E. 19, p. 7 (S.D. Fla. 2019) ("This Court also agrees with Unifin that the time Plaintiff spent bringing its case against [the other defendant] is not properly billed to Unifin.").

Furthermore, the JointTime card contains the following time entries for work equally attributable to both defendants:

| ATTY | DATE | DESCRIPTION | TIME | AMOUNT |
|---|---|---|---|---|
| TP | 10/29/19 | PROVIDE CONFIRMATION OF THE EXISTENCE OF A FDCPA AND FCCPA CASE AGAINST FROST-ARNETT COMPANY AND CORAL ANESTHESIA ASSOCIATES | 0.1 | $47.50 |
| TP | 11/1//19 | PREPARE AND PROVIDE DRAFT OF LAWSUIT AGAINST FROST-ARENTT COMPANY AND CORAL ANESTHESIA ASSOCIATES TO JH FOR REVIEW | 1.5 | $712.50 |

10

By block-billing and failing to differentiate between parties, Plaintiff makes it impossible for either FAC or the Court to discern how much work is attributable to each defendant, warranting an across-the-board reduction. "The Eleventh Circuit approves the use of an across-the-board reduction for block-billed entries." *Richburg*, 2019 U.S. District LEXIS 74423 at *9 citing *Ceres Environmental Servs., Inc. v. Colonel McCrary Trucking, LLC* 476 F. App'x 198, 203 (11th Cir. 2012) (holding district court did not abuse its discretion by applying 10% reduction in block-billed hours); *see also Oravec v, Sunny Isles Luxury Ventures, L.C.*, 2010 U.S. Dist. LEXIS 32390, *13 (S.D. Fla. 2010) (applying 25% across-the-board reduction to block billed entries); *Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 268817, *13 (S.D. Fla. 2008) (applying 25% cut for block-billed time; *McBride v. Legacy Components, LLC*, 2018 U.S. Dist. LEXIS 218527, *3 (M.D. Fla. 2018) (reducing billable hours by 35% based on block-billed time entries). Here, because these time entries are equally attributable to each Defendant, the Court should reduce these blocked-billed entries by 50% to allocate the respective time equally between each defendant.

**IV.     CONCLUSION**

The Court should deny Plaintiff's Verified Motion for Award of Attorney's Fees based solely on Plaintiff's failure to comply with the requirements of Local Rule 7.3. "[A] district court's denial of [a motion for attorney's fees] for failure to comply with Local Rule 7.3 [is] not an abuse of discretion." *J.B. Hunt Transp., Inc. v. S&D Transp., Inc.*, 589 Fed. Appx. 930, 934 (11th Cir. 2014).

Alternatively, based upon the prevailing market rates for consumer protection cases in the Southern District of Florida for lawyers with similar levels of experience and expertise, this Court should apply a blended hourly rate of $250.00. *Richburg*, 2019 U.S. Dist. LEXIS 74423 at *6 (holding "blended" rate of $250.00 per hour reasonable for work performed by two lawyers-one

with 36 years of experience and the other with 10 years of experience-in an FDCPA and FCCPA lawsuit was reasonable given the Court's "experience in [the Southern District of Florida]."). Additionally, at a minimum, the Court should reduce the number of hours expended by 2.6 hours for time spent litigating against Defendant Coral Anesthesia Associates, Inc. and by and additional 0.8 hours for the block-billed times entries attributable equally to each Defendant (for a total reduction of 3.4 hours).

WHEREFORE, Defendant Frost-Arnett Company respectfully requests this Honorable Court deny Plaintiff's Verified Motion for Award of Attorney's Fees and grant such further relief as the Court may deem just and proper.

                              Respectfully submitted,

                              **MESSER STRICKLER, LTD.**

By:   */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendant Frost-Arnette Company*

Dated: December 23, 2020

## CERTIFICATE OF SERVICE

I certify that on December 23, 2020, a true copy of the foregoing document was served as follows:

*Via CM/ECF*
Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Ft. Lauderdale, Florida 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
(954) 907-1136
(855) 529-9540 (fax)
*Counsel for Plaintiff*

*Via CM/ECF*
Joel A. Brown, Esq.
Friedman & Brown, LLC
3323 NW 55th Street
Ft. Lauderdale, Florida 33309
Joel.brown@friedmanandbrown.com
(954) 966-0111
*Counsel for Plaintiff*

*Via CM/ECF*
Paul A. Herman, Esq.
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
paul@consumeradvocatelaw.com
(561) 236-8851
(561) 431-2352 (fax)
*Counsel for Plaintiff*

**MESSER STRICKLER, LTD.**

By: */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendant Frost-Arnette Company*

Dated: December 23, 2020