**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:19-cv-62751-RKA**

**DAVID GREENWALD**,

     Plaintiff,

v.

**FROST-ARNETT COMPANY**, and
**CORAL ANESTHESIA ASSOCIATES, INC.**,

     Defendants.

_____/

Plaintiff David Greenwald ("Plaintiff") files this Verified Reply to Defendant Frost-Arnett Company's ("Defendant-Frost") Response in Opposition to Plaintiff's Verified Motion for Award of Attorneys' Fees.

**I.**     <u>**INTRODUCTION & BACKGROUND**</u>

1.     On December 16, 2019, Defendant-Frost offered to have judgment entered against it (Defendant-Frost) for **$2,001.00** *plus* **reasonable attorneys' fees and costs**.

2.     On January 02, 2020, Plaintiff timely accepted the Offer of Judgment. *See* <u>D.E. 20</u> (*the signed copy of the Offer of Judgment accepted by Plaintiff*). Pursuant to the Offer of Judgment, Defendant-Frost offered, *in relevant part*:

> In addition, the Judgment entered against [Defendant-Frost] shall include an amount for Plaintiff's reasonable attorney's fees and costs incurred in connection with Plaintiff's prosecution of the claims alleged against [Defendant-Frost], **in an amount to be agreed upon by counsel or, alternatively, as determined by the Court**.

*See* <u>D.E. 20</u> at ¶ 4 (emphasis added).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

3.      On December 14, 2020, Plaintiff filed the Verified Motion for Award of Attorneys' Fees [D.E. 24] (the "Motion for Fees") currently pending before this Court.

4.      On December 23, 2020, Defendant-Frost filed its Response in Opposition to Plaintiff's Verified Motion for Award of Attorneys' Fees [D.E. 26] (the "Opposition to Fees").

5.      Defendant-Frost's Opposition to Fees advances three (3) arguments: **[1]** the Motion for Fees was untimely, *see* <u>Opposition to Fees</u> at 1, 3-4; **[2]** the hourly rates of counsel for Plaintiff are unreasonable, *see* <u>Opposition to Fees</u> at 4-8; *and* **[3]** the number of hours expended by counsel for Plaintiff are unreasonable. *See* <u>Opposition to Fees</u> at 8-11.

6.      As discussed below, Defendant-Frost's attempt to *rewrite* the terms of the Offer of Judgment while arguing that Plaintiff seeks unreasonable fees, *if anything*, serves only to compound the reasonable attorneys' fees for which it (Defendant-Frost) is liable.[1]

## II.     PLAINTIFF'S MOTION FOR ATTORNEYS' FEES IS NOT SUBJECT TO THE 60-DAY TIMING REQUIREMENT OF LOCAL RULE 7.3.

7.      Defendant-Frost's opening attempt at preventing Plaintiff from seeking the relief Defendant-Frost *offered*, and that Plaintiff *accepted*, to resolve this case, *i.e.,* arguing that the Motion for Fees was untimely, is **illusory** pursuant to the language and scope of Local Rule 7.3.

8.      Defendant-Frost fails recognize that, by the explicit language of Local Rule 7.3, the 60-day timing requirement – and, in fact, *all of Local Rule 7.3* – is limited to circumstances where an entitlement to attorneys' fees arises from either "**a final judgment or order**." Local Rule

---

[1] <u>Bryant v. Cab Asset Mgmt.</u>, LLC, 2011 WL 1331267, at *2 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, 2011 WL 1598732 (S.D. Fla. Apr. 27, 2011) ("Plaintiff is entitled to recover attorney fees associated with the instant motion for fees and costs."); <u>Thompson v. Pharmacy Corp.</u>, 334 F.3d 1242, 1245 (11th Cir.2003) (district court abused discretion in declining to award attorney's fees for all time expended in effort to recover such fees); <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1309–10 (11th Cir.2001) ("A prevailing party is entitled to reasonable compensation for litigating a [fee] award.")

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

7.3(a)(3). Here, the entitlement to attorneys' fees that Plaintiff invokes is that which Defendant-Frost offered, and which Plaintiff accepted, as Defendant-Frost agreed to pay reasonable attorneys' fees "in an amount to be agreed upon by counsel or, alternatively, as determined by this Court."

9.      Notwithstanding that Plaintiff's entitlement to reasonable attorneys' fees is **contractual**, *see* <u>D.E. 20</u> (the *offer* of judgment accepted by Plaintiff), **no judgment** against Defendant-Frost has been entered, let alone a final judgment, and this Court **has not** issued any order that entitles counsel to Plaintiff to reasonable attorneys' fees. Thus, regardless of the fact that Plaintiff simply seeks reasonable attorneys' fees pursuant to the *Offer of Judgment*, it cannot be found that Plaintiff seeks attorneys' fees "arising from the entry of final judgment or order." <u>Local Rule 7.3</u>.

10.      Thus, the time limitation of Local Rule 7.3 cannot be read as applying to the reasonable attorneys' fees sought because, and as the record illustrates, Plaintiff's entitlement to *reasonable attorneys' fees* is an explicit, bargained-for provision of the Offer of Judgment.

## III.      THE HOURLY RATES OF COUNSEL FOR PLAINTIFF ARE REASONABLE

11.      The attorneys' fees sought by counsel for Plaintiff are premised on said counsels' respective "lodestar" calculation. "The 'lodestar' is the product of the reasonable hourly rate multiplied by the reasonable number of hours expended. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, (1983). "[The] 'lodestar' may then be adjusted for the results obtained" by the attorney. *See* <u>Am. Civil Liberties Union v. Barnes</u>, 168 F. 3d 423, 427 (11th Cir. 1999) (*citing* <u>Loranger v. Stierheim</u>, 10 F. 3d 776, 78 1(11th Cir. 1994). *But see* <u>Resolution Trust Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1150 (11th Cir. 1993) (downward adjustment of the lodestar is "merited only if the prevailing party was partially successful in its efforts," a determination the district court makes on a case-by-case basis.").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

12.     "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." <u>Gonzalez v. J.C. Penney Corp.</u>, 209 F. App'x 867, 870 (11th Cir. 2006) (*quoting* <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988)).

13.     "In determining the prevailing market rates, the Court should consider several factors including 'the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability[2] of the case, the attorney's relationship to the client, and awards in similar cases.'" <u>Leon v. Atlass Sys. Inc.</u>, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (*quoting* <u>Mallory v. Harkness</u>, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996) (citations omitted); *see also* <u>United States v. Patrol Servs., Inc.</u>, 202 Fed.Appx. 357, 359 (11th Cir. 2006) ("The district court may adjust the amount depending on a number of factors, including the quality of the result and representation of the litigation.").

14.     In the Opposition to Fees, Defendant-Frost opposes the hourly rates sought in the Motion for Fees, *to wit*, the hourly rate of $450.00 for Attorney Thomas Patti ("Attorney Patti") and the hourly rate of $550.00 for Attorney Paul Herman ("Attorney Herman").

15.     Explicitly, Defendant-Frost considers the hourly rates of Attorney Patti and Attorney Herman "profoundly unreasonable." <u>Opposition to Fees</u> at 6 (stating in the context of the

---

[2] *See* <u>Lietz v. Oxford Law, L.L.C.</u>, 2016 WL 2897469 (M.D. Fla. Apr. 22, 2016) (the undesirability of the case, for example because it may be difficult to collect from the defendant, is one factor that may be considered in setting a reasonable hourly rate (*citing* <u>Maner v. Linkan L.L.C.</u>, 602 Fed. Appx. 489, 493 (11th Cir. 2015) and <u>Morgado v. Birmingham-Jefferson County Civil Defense Corps</u>, 706 F.2d 1184, 1191, n.2 (11th Cir. 1983))).

hourly rates of Attorney Patti and Attorney Herman, "[b]oth rates are profoundly unreasonable and far out of line with prevailing rates for similar cases prosecuted by similarly situated counsel in the Southern District of Florida."). Pointedly, Defendant-Frost highlights the number of years counsel for Plaintiff have "been practicing law" as seminal evidence. *See, e.g.,* <u>Opposition to Fees</u> at 6 (*wasting little time to highlight that* "Attorney Patti has only been practicing law for five (5) years"). Had Defendant-Frost focused on **relevant** authority, Defendant-Frost could have avoided the mistakes of its predecessors, *namely*, the Law Office of Charles G. McCarthy Jr. & Associates. *See, e.g.*, <u>Lee v. McCarthy</u>, 297 F. Supp. 3d 1343, 1345 (S.D. Fla. 2017) (creating precedent for holding debt collectors liable under the FDCPA for collecting consumers debts from Florida consumers without a valid Florida consumer collection agency license).

16.     At a time when Attorney Patti had *only* been practicing law for *three (3) years* and, pointedly, following the second instance of *new* precedent created within the confines of a single case, *see* <u>Lee v. McCarthy</u>, No. 17-60471-CIV-O'SULLIVAN, 2018 U.S. Dist. LEXIS 80374 (S.D. Fla. May 14, 2018) (setting precedent as to the "out-of-state debt collector" exception of Fla. Stat. § 559.553(3)(h)), **the reasonableness of Attorney Patti's *then* hourly rate of $380.00**, as well as the reasonableness of the hours expended by Attorney Patti, **came before Magistrate John J. O'Sullivan**. *See* <u>Lee v. McCarthy</u>, No. 17-60471-CIV, 2018 U.S. Dist. LEXIS 122434, at *3 (S.D. Fla. July 23, 2018) (wherein Magistrate O'Sullivan awarded "107.5 hours at an hourly rate of $325.00 for a total fee amount of $34,937.50").

17.     Using the length of time Attorney Patti has been practicing law, *as suggested by Defendant-Frost*, as indicative of reasonableness, given that Attorney Patti now has 70% *more* experience, certainly Attorney Patti's *current* hourly rate of $450.00 is reasonable in light of the $380.00 hourly rate Attorney Patti had in 2018 and **otherwise proportionally reasonable** when

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

compared to the $325.00 hourly rate Magistrate O'Sullivan found reasonable for Attorney Patti in 2018. McCarthy, 2018 U.S. Dist. LEXIS 122434 ("**the Court finds that a rate of $325.00 per hour for** [Attorney] **Patti is reasonable**." (emphasis added)).

18.     Beyond Defendant-Frost's failure to consider the hourly rate that Magistrate O'Sullivan found reasonable for Attorney Patti in 2018, and contrary to Defendant-Frost's attempt to over simply Plaintiff's claims, *see, e.g.,* Opposition to Fees at 8 (wherein Defendant-Frost asks this Court to consider "the simplicity of this case"), the claims of Plaintiff are both novel and complex. The Supreme Court has noted that the FDCPA is a "a comprehensive and complex federal statute." *See* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A., 559 U.S. 573, 587 (2010) ("a comprehensive and complex federal statute such as the FDCPA that imposes open-ended prohibitions on, inter alia, 'false, deceptive,' § 1692e, or 'unfair' practices, § 1692f").

19.     With respect to the present matter, the successful prosecution of Plaintiff's specific claims commanded two areas of expertise: **[1]** specialized knowledge of Florida's worker-compensation laws and expertise litigating within Florida's worker-compensation system, of which was afforded to Plaintiff by Attorney Herman; and **[2]** specialized knowledge of the FDCPA and FCCPA, experience litigating consumer protection cases in the Southern District of Florida, and historical success in pioneering violations of the FDCPA, of which was afforded to Plaintiff by Attorney Patti. While Defendant-Frost is quick to consider the claims of Plaintiff as "simple," Defendant-Frost ignores that said "simple" claims, by large, have been pioneered by counsel for Plaintiff.

## IV.     THE NUMBER OF HOURS EXPENDED BY COUNSEL FOR PLAINTIFF ARE REASONABLE

20.     Plaintiff seeks compensation for a total of **12.9 hours** of work performed by Attorney Patti and Attorney Herman collectively. *See* D.E. 24-4.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

21.     The reasonable attorneys' fees sought are those that Defendant-Frost offered in the Offer of Judgment. Critically, said *reasonable attorneys' fees* were **in addition** to the $2,001.00 of statutory damages offered by Defendant-Frost, **of which exceeded the maximum amount of statutory damages Plaintiff was otherwise able to recover from Defendant-Frost**. *See* Tolentino v. Friedman, 46 F.3d 645, 653 (7th Cir. 1995) (holding that, under Farrar v. Hobby, 506 U.S. 103 (1992), a plaintiff had "obtained a high degree of success" because Plaintiff "prevailed" with respect to the protection of "her rights under the statute" and "**recovered the maximum statutory damages allowed to an individual plaintiff**." (emphasis added)).

22.     Here, as a result of the prowess and historical success of counsel for Plaintiff, particularly, in cases against Defendant-Frost, *see, e.g.,* Frost-Arnett Company, No. 0:18-cv-60243-BB (S.D. Fla. June 19, 2019), Defendant-Frost had little hesitation when it offered Plaintiff $2,001.00, an amount that *exceeded* what Plaintiff could otherwise recover, *plus* reasonable attorneys' fees to settle the above-captioned action.

23.     Defendant-Frost specifically objects to **13** of the **53** entries of the Joint Timecard, *see* D.E. 24-4, submitted in support of the Plaintiff's Motion for Attorneys' Fees. *See* Opposition to Fees at 9-10. The sum of the hours expended by counsel for Plaintiff across said **13 entries** is approximately **4.2 hours**. *See* D.E. 24-4. Defendant-Frost demands that the time expended by counsel for Plaintiff across said 13 entries be reduced by 50% on the basis of "block-billing." Opposition to Fees at 11. Defendant-Frost, however, *pursuant to the Offer of Judgment*, agreed to pay reasonable attorneys' fees "incurred in connection with Plaintiff's prosecution of the claims alleged against [Defendant-Frost]." *See* Offer of Judgment. Here, Defendant-Frost's explicit agreement to pay *all* reasonable attorneys' fees incurred "**in connection with Plaintiff's prosecution of the claims alleged against Defendant-Frost**" includes the time expended by

PAGE | **7** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

counsel for Plaintiff across the 13 entries Defendant-Frost challenges, as said expenditures of time were, objectively, expenditures of time *in connection with* the prosecution of Defendant-Frost.

24.     Just as with Defendant-Frost's attempt to sidestep the reasonable attorneys' fees it (Defendant-Frost) agreed to pay by erroneously claiming Plaintiff's Motion for Fees was untimely, *supra* ¶¶ 7-9, Defendant-Frost's claim that said entries are tantamount to "block-billing" and warrant a 50% reduction is both generalized and irrelevant. *See* American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F. Supp. 2d 1301, 1314 (M.D. Fla. 2003) ("'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (*quoting* American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999))).

## VI.     SUPPLEMENTAL AWARD OF REASONABLE ATTORNEYS' FEES

25.     The Joint Timesheet submitted by counsel for Plaintiff details the time expended in this litigation up to the filing of Plaintiff's Motion for Fees. At the appropriate time, Plaintiff will request leave to file a Supplemental Declaration and/or Joint Timesheet for an Award of Attorney Fees incurred in the litigation subsequent to the filing of Plaintiff's Motion for  Fees. *See* Barreras v. Viking Collection Serv., Inc., No. 05–61855–CIV–Marra/Seltzer (S.D. Fla. Sept. 19, 2007) (Doc. 44) ("'a successful plaintiff in a Fair Debt Collection Practices Act case is entitled to an award of attorneys' fees and costs for the fees and costs incurred with respect to the litigation of plaintiff's motion for fees and costs.'" (*quoting* Small v. Absolute Collection Serv., Inc., No. 04–61196–Jordan/Klein (S.D. Fla. Jan. 17, 2006) (Doc. 85))).

## VII.     CONCLUSION

26.     For the foregoing reasons, Plaintiff, respectfully, requests this Honorable Court to find the 7.8 hours expended by Attorney Patti, at an hourly rate of $450.00, and the 5.1 hours

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

expended by Attorney Herman, at an hourly rate of $550.00, for a total of $6,637.50, as the reasonable attorneys' fees agreed to by Defendant-Frost under the terms of the Offer of Judgment.

Dated: January 6, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

/s/ Paul A. Herman
**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail:
paul@consumeradvocatelaw.com
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:    (561) 236-8851

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com