UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-62751-CIV-ALTMAN/HUNT

DAVID GREENWALD,

     Plaintiff,

v.

FROST-ARNETT COMPANY, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Motion for Attorneys' Fees ("Motion"), ECF No. 24.  The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation.  S*ee* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the record, the Motion, the Response, and the Reply, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Attorneys' Fees, ECF No. 24, be GRANTED in part as set forth below.

## BACKGROUND

On November 5, 2019, David Greenwald ("Plaintiff") brought this action against Frost-Arnett Company ("Defendant") and Coral Anesthesia Associates, Inc. ("Released Defendant") seeking injunctive relief for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq., ("FCCPA").  During litigation, Plaintiff filed a notice of voluntary dismissal and dismissed the Released Defendant. ECF No. 19.  On January 2, 2020, Plaintiff notified the Court that he accepted Defendant's Offer of Judgment.  ECF

No. 20.  The Court closed the case and required the Parties to file a stipulation of dismissals within thirty days of the Order.  ECF No. 22.  The Parties failed to comply with the Order and the Court dismissed the case on February 10, 2020.  ECF No. 23.  On December 14, 2020, 308 days later, Plaintiff filed the instant motion for attorneys' fees. ECF No. 24. Defendant filed a response in opposition and Plaintiff filed a reply in support. ECF Nos. 26, 29.  The Court held a hearing on the Motion on February 3, 2021.

### PARTIES' ARGUMENTS

Defendant contends that Plaintiff's Motion should be denied for three reasons. First, Defendant argues that Plaintiff failed to comply with Local Rule 7.3 by not filing his motion within sixty days of the entry of the order giving rise to the fees, by not serving Defendant with the Motion prior to filing it, and that Plaintiff did not make a good faith effort to resolve the issues raised in the Motion.  Second, Defendant contends that Plaintiff seeks fees at an excessive rate considering the prevailing market rates for similar cases. Third, Defendant argues that Plaintiff seeks an excessive amount of fees for a case that involved a simple complaint, no motion or discovery practice, and was resolved within sixty days.  Further, Defendant argues that Plaintiff seeks fees for entries that were spent litigating against the Released Defendant.

Plaintiff responds that Local Rule 7.3 does not apply because Defendant's offer of judgment included reasonable attorneys' fees.  Thus, Plaintiff's counsel argue that their entitlement to fees arises from a contractual agreement between the Parties and not from an order or final judgment.  Next, Plaintiff's counsel argue that their rates and hours expended are reasonable.  Plaintiff's counsel also contend that Defendant's agreement to pay fees in relation to claims prosecuted against Defendant includes those which are

combined with the Released Defendant.

## ANALYSIS

Defendant's Offer of Judgment states:

> the Judgment entered against FAC shall include an amount for Plaintiff's reasonable attorneys' fees and costs incurred in connection with Plaintiff's prosecution of the claims alleged against FAC, in an amount to be agreed upon by counsel or, alternatively, as determined by the Court.

During the hearing, Defendant's counsel stated that there had been no discussion regarding fees between the Parties until the filing of the instant Motion, even though the Offer of Judgment stated they would attempt to agree upon fees. The undersigned agrees with Plaintiff that Local Rule 7.3 does not apply to the instant action because an offer of judgment is more akin to a settlement and no order or judgment was entered entitling Plaintiff to fees. However, the undersigned does find Plaintiff's lack of discussion regarding the fees and 300-day delay in filing the Motion to be unreasonable. That being said, as part of resolving the case, Defendant offered to pay reasonable attorneys' fees and should not be relieved of this contractual duty. Therefore, the undersigned finds that Plaintiff is entitled to attorneys' fees.

## DISCUSSION

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The

significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS/SNOW, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of a six-year attorney from $300 to $250). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299, 1303. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

1.      Reasonable Hourly Rate

Plaintiff seeks $6,637.50, $3,705 for attorney Thomas Patti and $2,932.50 for attorney Paul Herman, in attorneys' fees based upon professional services rendered. ECF No. 24.

This Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered Thomas Patti's declaration and the *Johnson* factors. Patti requests an hourly rate of $475, citing his 6 years of experience and his extensive consumer protection litigation experience. This Court requires Parties seeking attorneys' fees to file a notice of previously awarded fees from cases in this District, which Plaintiff's counsel has done. ECF No. 33. Notably, Attorney Patti has not received the hourly rate he currently seeks from any court in this District. *Id.* However, Patti was awarded an hourly rate of $325, although he requested $380, from a court in this District three years ago. *Id.* During the hearing, Patti argued that $475 is a reasonable hourly rate given the fact that he has practiced for an additional 3 years since being awarded $325. Based upon this Court's own knowledge and experience, the length and extent of litigation involved in the instant case, as well as in conformity with recent rulings in the District, this Court concludes that a $375 hourly rate is reasonable for an attorney with Patti's experience.

Next, this Court has considered attorney Herman's affidavit and the *Johnson* factors. Attorney Herman requests an hourly rate of $575, citing his 36 years of experience and 15 years of consumer protection litigation experience. ECF No. 33. Similarly, Herman has not been awarded the hourly rate he seeks from a court in this

District.  However, Herman points to two cases where courts in this District awarded his co-counsel in "numerous other matters" the hourly rate of $500.00.  ECF No. 33.  Based upon this Court's own knowledge and experience, the length and nature of the litigation involved in this case, as well as in conformity with recent rulings in the District, this Court concludes that a $450 hourly rate is a reasonable rate for an attorney with Herman's experience.

2.       Hours Reasonably Expended

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Inquiry into the reasonable number of hours focuses on the attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks and emphasis omitted).  Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations.  *Hensley*, 461 U.S. at 434.

Plaintiff seeks attorneys' fees for 12.9 hours of work.  This is based on 7.8 hours of work from Patti and 5.1 hours of work from Herman.  The fees were incurred while communicating with Plaintiff, reviewing records, communications with opposing counsel, and drafting and filing the Complaint.  ECF No. 24-4.  In support of this Motion, Plaintiff's counsel have submitted a joint timecard.  ECF. Nos. 24-4.  The undersigned has reviewed the billing records line-by-line, compared them to the filings generated, and finds that

6

some of the hours expended on the indicated tasks are not reasonable.

Notably, the joint timecard contains multiple entries that detail work done against Defendant and the Released Defendant without allotting time spent against each Defendant.  The undersigned agrees with Defendant that 2.3 hours should be deducted because a few entries detail work done related to the Released Defendant.  The burden rests on the fee applicant to provide the court with sufficient evidence for the court to make a proper division.  *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994) ("[I]n a case where part of the attorneys' efforts are to go uncompensated, the burden is on the attorney to provide sufficient evidence for the court to make a correct division"); *see also Enman v. Milwaukee Motorcycle Mfg.*, No. 6:07-CV-616-Orl-31DAB, 2008 WL 554871, at *2 (M.D. Fla. Feb. 26, 2008) (order adopting report and recommendation by the magistrate judge that excluded time entries related to a dismissed codefendant); *Nationwide Advantage Mortg. Co. v. Fed. Guar. Mortg. Co. et al.*, No. 09-20372-CIV-GOLD/MCALILEY, 2011 WL 13173549 at * 6 (S.D. Fla. May 16, 2011) (excluding entries that were billed for work done on dismissed counts and related to a dismissed defendant), *report and recommendations adopted*, *Nationwide Advantage Mortg. Co. v. Fed. Guar. Mortg. Co. et al.*, 2011 WL  13174739 (S.D. Fla. June 20, 2011).  As a result, the entries that contain work done related to both Defendants will be reduced by half and the entries that detail work done related to the Released Defendant shall not be included.

Additionally, Plaintiff's counsel's joint timecard contains an entry for the drafting of the instant motion for fees.  However, the offer of judgment stated that the Parties would attempt to agree to attorneys' fees and in the alternative, have the Court decide. But according to Defendant, Plaintiff's counsel never discussed attorneys' fees with them until

after the filing of the instant motion, over 300 days after Plaintiff accepted the offer of judgment.    While the Eleventh Circuit does recognize that attorneys should be compensated for litigating fees when appropriate, the undersigned finds that the circumstances of the instant case warrant denying fees for the extra litigation.  *Wolff v. Royal Am. Mgmt. Inc.*, 545 F. App'x 791, 796 (11th Cir. 2013); *see also Ford v. Navika Cap. Grp.*, No. CV 14-00311-KD-C, 2017 WL 1381668, at *11 (S.D. Ala. Apr. 17, 2017) ("fees incurred to recover fees constitutes compensable time if/when *reasonably expended.*") (emphasis in original).  The instant motion and the extra litigation resulted from Plaintiff's lack of communication with opposing counsel.  The fee litigation likely could have been avoided altogether if Plaintiff had not waited over 300 days to attempt to collect attorneys' fees.  The undersigned observes that "time devoted to correcting one's own errors should not be reimbursable."  *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000).  Therefore, after deducting entries for work done with respect to the Released Defendant, halving the joint entries that contain work done with respect to both Defendants, and eliminating the entries related to the instant motion, the undersigned reduces Plaintiff's counsel's hours from 12.9 hours of work to 8.3 hours of work.  Mr. Patti's hours are reduced from 7.8 to 5.5 and Mr. Herman's hours are reduced from 5.1 to 2.8.

3.    Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court

8

has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and  3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees."  *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case.  Therefore, multiplying Plaintiff's attorneys' reasonable number of hours expended by the respective hourly rates yields a recommended combined lodestar amount of $3,322.50 ($2,062.50 for Mr. Patti and $1,260 for Mr. Herman).

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Attorneys' Fees, ECF No. 24, be GRANTED in part.  Plaintiff's counsel should be awarded fees in the amount of $3,322.50 ($2,062.50 for Mr. Patti and $1,260 for Mr. Herman).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 22nd day of February 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Record